RENDERED:  MARCH 19, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0259-MR

GEORGE SLAUGHTER APPELLANT

v.

APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE MITCH PERRY, JUDGE
ACTION NO. 16-CR-000409

COMMONWEALTH OF KENTUCKY APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  JONES, LAMBERT AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  George Slaughter ("Appellant") appeals from an order

of the Jefferson Circuit Court denying his Kentucky Rules of Criminal Procedure

("RCr") 11.42 motion seeking relief from judgment.  Appellant argues that the

Jefferson Circuit Court erred in failing to conclude that his guilty plea resulted

from ineffective assistance of counsel.  He also argues that he was entitled to a

hearing on the motion.  For the reasons addressed below, we vacate the order on appeal and remand the matter for an evidentiary hearing.

## FACTS AND PROCEDURAL HISTORY

On February 16, 2016, the Jefferson County Grand Jury indicted Appellant on three counts of murder, one count of being a convicted felon in possession of a handgun, and one count of tampering with physical evidence.[1] Appellant had a history of paranoid schizophrenia, delusions, paranoia, illegal drug use, and psychiatric hospitalizations.

On August 18, 2016, the Commonwealth of Kentucky ("Appellee") made a motion asking the court to order a psychiatric evaluation of Appellant.  The motion was granted, and Appellant was examined by Kentucky Correctional Psychiatric Center ("KCPC") evaluators and defense experts.  The KCPC evaluator determined that with psychiatric treatment and sobriety, Appellant "displayed complete resolution of his psychiatric symptomatology" and "demonstrates the capacity to appreciate the nature and consequence of the proceedings against [him] and the ability to participate rationally in his own defense.  He is capable of

---

[1] Kentucky Revised Statutes ("KRS") 507.020, KRS 527.040, and KRS 524.100.

proceeding to trial."[2]  Appellant's trial counsel would later acknowledge in open court that Appellant was competent to participate in the proceedings.[3]

Thereafter, Appellant accepted a plea offer of life in prison without the possibility of parole for twenty-five years.  On December 23, 2019, Appellant filed an RCr 11.42 motion asking the court to vacate his conviction.  In support of the motion, he argued that his trial counsel improperly failed to present an insanity defense on his behalf.  He sought appointed counsel and an evidentiary hearing. On January 10, 2020, the Jefferson Circuit Court entered an opinion and order denying Appellant's motion for relief from judgment.  The court noted that it found at the time of the guilty plea that Appellant understood the nature of the charges against him and that he intelligently, knowingly, and voluntarily waived his rights to a jury trial, to confront witnesses and to assert available defenses.  The court went on to find that nothing in the record indicated that Appellant was entitled to RCr 11.42 relief.  It concluded that by entering a guilty plea, Appellant waived any right to assert an insanity defense.  It denied his request for appointed counsel and a hearing and denied the underlying motion for relief.  This appeal followed.

---

[2] Appellee incorrectly claims that the KCPC competency evaluation was not included in the appellate record.

[3] 05/02/17 video record at 10:47:00.

## ANALYSIS

Appellant, through counsel, argues that his trial counsel was ineffective when she advised him to plead guilty without explaining any defenses available to him and telling him he would receive the death penalty if the matter proceeded to trial. He asserts that trial counsel did not investigate, prepare, or explain to him his best and only defense – that of insanity. Appellant directs our attention to KCPC's competency evaluation, which indicates that Appellant was treated at the University of Louisville Hospital where he was diagnosed with paranoid schizophrenia. He was also treated at Our Lady of Peace Hospital, where he was diagnosed with substance-induced psychotic disorder, cocaine dependency, and cocaine-induced psychosis. Citing KRS 504.020(1), Appellant argues that he was not responsible for his criminal offenses because it is likely that at the time of those offenses, he was mentally ill and was incapable of appreciating the criminality of his conduct or conforming his conduct to the requirements of the law.

Appellant claims that his trial counsel never informed him that an insanity defense was possible. He maintains that had counsel explained the insanity defense, he would not have accepted the plea and would have insisted on going to trial. He also contends that he was instructed to accept the plea because his failure to do so would have resulted in the death penalty. Appellant argues that

-4-

trial counsel did not give him a voluntary and intelligent choice of whether to plead guilty or go to trial. The focus of his argument on this issue is that by not adequately advising him of the insanity defense, trial counsel provided deficient performance and rendered his guilty plea unknowing. He argues that the circuit court committed reversible error in failing to appoint counsel and conduct a hearing and in failing to sustain his motion for RCr 11.42 relief.

To prevail on a claim of ineffective assistance of counsel, Appellant must show two things:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Id.*

> An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial

to the defense in order to constitute ineffective assistance under the Constitution.

*Id.* at 691-92, 104 S. Ct. at 2066-67 (citation omitted). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693, 104 S. Ct. at 2067. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. at 2068. In the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). Additionally, "a hearing is required only if there is an issue of fact which cannot be determined on the face of the record." *Stanford v. Commonwealth*, 854 S.W.2d 742, 743-44 (Ky. 1993).

Appellant presented evidence in the form of his KCPC evaluation that he suffers from a variety of psychiatric issues. The KCPC evaluator determined that Appellant was competent to stand trial through a combination of psychiatric treatment and sobriety. The fact that Appellant could be considered competent to stand trial through treatment and sobriety, however, does not mean that Appellant was sane at the time he allegedly committed the crimes at issue. Given Appellant's significant mental health issues, a reasonable attorney would have at least

-6-

investigated the possibility of an insanity defense and discussed it with Appellant before advising him to plead guilty and accept a sentence of life without parole for twenty-five years.[4]

Appellant claims that his attorney never discussed with him the possibility of an insanity defense. It is impossible to determine from the record before us whether defense counsel considered an insanity defense and/or discussed such a defense with Appellant before advising him to plead guilty. In *Commonwealth v. Rank*, 494 S.W.3d 476 (Ky. 2016), the Kentucky Supreme Court considered a similar claim in the context of counsel's alleged failure to investigate and discuss a possible extreme emotional disturbance ("EED") defense before advising his client to plead guilty. The Court ultimately held that an evidentiary hearing was required to determine what counsel discussed with the defendant prior to advising him to accept the guilty plea and whether counsel's decision to forego an EED defense was made as part of an informed investigation and as part of solid trial strategy. The Kentucky Supreme Court stated that

> Rank's motion raised a material question as to the
> reasonableness of [defense counsel's] investigation of the
> potential for an EED defense or, framed differently,
> whether it was reasonable for [defense counsel] not to

_____

[4] A person found not guilty by reason of insanity is one who "lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law." KRS 504.020(1). "A finding of insanity functions as a complete defense to conviction." *Star v. Commonwealth*, 313 S.W.3d 30, 36 (Ky. 2010).

pursue an EED defense. *See Hodge v. Commonwealth*, 68 S.W.3d 338 (Ky. 2001) (an evidentiary hearing is required to determine whether counsel's decision was "trial strategy or an abdication of advocacy"). [Defense counsel's] knowledge and understanding of the relevant facts relating to a potential EED defense are not evident on the face of the record. An evidentiary hearing on Rank's RCr 11.42 motion was required to ascertain those facts.

*Id.* at 485.

## **CONCLUSION**

The facts before us parallel those of *Rank*. As defense counsel's knowledge and understanding of the relevant facts relating to a potential insanity defense are not evident on the face of the record, an evidentiary hearing on Appellant's RCr 11.42 motion is required to ascertain those facts. Accordingly, we vacate the order of the Jefferson Circuit Court and remand the matter with instructions that the circuit court conduct an evidentiary hearing on Appellant's ineffective assistance of counsel claim.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Andrea Lynn Reed
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

E. Bedelle Lucas
Assistant Attorney General
Frankfort, Kentucky